IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MARCUS GREGORY MARCOOT, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:17-CV-202-Z-BR |
| | § | |
| Director, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
TO DENY PETITION FOR A WRIT OF HABEAS CORPUS**

Marcus Gregory Marcoot ("Petitioner") filed a Petition for a Writ of Habeas Corpus by a Person in State Custody, challenging a prison disciplinary proceeding (case number 20170259833) that took place at the Neal Unit in Potter County, Texas. (ECF 3 at 1, 5). Petitioner is currently incarcerated at the Neal Unit pursuant to a conviction for driving while intoxicated, third offense, enhanced and the resultant 12-year sentence. (ECF 3 at 2; ECF 13 at 2; ECF 13-1 at 3). Petitioner's conviction is out of the 266th District Court of Erath County, Texas. (ECF 3 at 2; ECF 13 at 2; ECF 13-1 at 3). For the reasons set forth below, the undersigned United States Magistrate Judge recommends that Petitioner's application for federal habeas corpus relief be DENIED.

**I.    DISCIPLINARY CHARGE AND PROCEEDINGS**

On May 4, 2017, Petitioner was notified that he was being charged with being out of place under Level 2, Code 27.0 of the Texas Department of Criminal Justice's ("TDCJ") *Disciplinary Rules and Procedures for Offenders*. (ECF 13 at 3; ECF 13-1 at 6, 9). Specifically, it was alleged that on April 27, 2017, Petitioner "was in E wing dayroom and E 103 when in fact said offender had no authorization to be in such place." (ECF 13-1 at 6). A Disciplinary Hearing Officer ("DHO") conducted Petitioner's disciplinary hearing on May 8, 2017. (*Id.*). Petitioner did not

attend the hearing. (*Id.* at 6–7). The DHO found Petitioner guilty of the charged offense and assessed punishment that included forfeiture of fifteen (15) days of previously accrued good time credit.[1] (*Id.* at 6).

Petitioner unsuccessfully challenged this disciplinary proceeding through the prison grievance system. (*See* ECF 3 at 5–6; ECF 13 at 3; ECF 13-1 at 19–20). On May 17, 2017, relief was denied at Step 1 with the following response:

> Major disciplinary case #20170259833 has been reviewed. You were provided the opportunity to attend your hearing in order to present your defense but, you refused to attend your hearing. The disciplinary charge is appropriate for the offense and the guilty verdict was supported by the preponderance of the evidence, as well as your failure to refute the charges. All due process requirements were satisfied and the punishment imposed by the [DHO] was within agency guidelines. Furthermore, you were not given permission to be at cell 1-03 in E-wing, you were to only be in the shower area and nowhere else due to you not being housed in E-wing. No corrective action is warranted for this appeal.

(ECF 13-1 at 20). Petitioner did not file a Step 2 grievance. (ECF 3 at 6, 13; ECF 13 at 7).

Petitioner then filed the instant habeas petition challenging the disciplinary proceeding decision.

## II. PETITIONER'S ALLEGATIONS

Petitioner contends that his federal constitutional rights were violated as a result of the disciplinary charge and finding of guilt in four ways:

1. The hearing report lists the incorrect date of the incident and incorrectly states that Petitioner did not give a statement.

2. Petitioner was denied the right to attend his hearing.

---

[1] Petitioner's other punishment included: (1) loss of forty-five (45) days of recreational privileges; (2) loss of forty-five (45) days of commissary privileges; (3) loss of forty-five (45) days of offender telephone service; and (4) reduction in line classification from L1 to L2. (ECF 13-1 at 6). However, these punishments constituted changes in the conditions of Petitioner's confinement and do not implicate the Due Process Clause of the United States Constitution. *See Sandin v. Conner*, 515 U.S. 472, 478 (1995); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).

    3.      The TDCJ failed to post signs instructing inmates on where to wait when there are no available showers.

    4.      TDCJ officials abused their authority.

(ECF 3 at 6–7).

### III.    <u>EXHAUSTION AND PROCEDURAL DEFAULT</u>

Petitioner's federal habeas application is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Consequently, no relief may be granted unless either Petitioner has first exhausted the remedies available in the state courts or an exception to exhaustion exists. However, Petitioner's habeas application may be denied on the merits notwithstanding any failure to exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(2). This AEDPA deference scheme also applies to a habeas challenge to the determination resulting from a prison disciplinary procedure for which appeal is available through the grievance process. *Baxter v. Estelle*, 614 F.2d 1030 1031–32 (5th Cir. 1980). Such an appeal through the grievance process has been construed to constitute "the right under the law of the State to raise, by [an] available procedure, the question presented." 28 U.S.C. § 2254(c); *see also Lerma v. Estelle*, 585 F.2d 1297, 1299 (5th Cir. 1978).[2]

Consequently, an inmate challenging a prison disciplinary proceeding on constitutional grounds must exhaust his administrative remedies by following all internal dispute resolution procedures before seeking habeas corpus relief in federal court. To adequately exhaust state remedies, a claim for habeas relief must include not only reference to a specific federal constitutional guarantee but must also demonstrate the petitioner is entitled to relief; a general

---

[2] Petitioner is not required to present habeas claims challenging prison disciplinary cases to the Texas Court of Criminal Appeals because that court has stated it will not entertain challenges to prison disciplinary proceedings or the denial of good conduct time credit under the Prison Management Act. *Ex parte Palomo*, 759 S.W.2d 671, 674 (Tex. Crim. App. 1988).

appeal to a constitutional guarantee as broad as due process is inadequate to present the "substance" of the claims. *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996). Nor is a federal claim adequately presented to the state by presenting somewhat similar claims. *Cf. Wilder v. Cockrell*, 274 F.3d 255, 259–60 (5th Cir. 2001).

Respondent contends that all of Petitioner's claims are unexhausted. (ECF 13 at 1, 5–8). The undersigned, however, declines to address whether Petitioner properly exhausted his administrative remedies and will proceed to the merits of Petitioner's claims, as is within the undersigned's authority. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

## IV. STANDARD OF REVIEW

Federal habeas relief can be had only where a petitioner has been deprived of some right secured to him by the laws of the United States or by the United States Constitution. *See Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000). When a prison disciplinary hearing results in the loss of good-time credits, which will result in a prisoner's confinement being extended, constitutional due process requires that an inmate receive:

1. advance written notice of the charges;

2. an opportunity to call witnesses and/or present documentary evidence when such presentation is not unduly hazardous to institutional safety or correctional goals; and

3. a written statement by the fact finder of the evidence relied upon and the reasons for the disciplinary action.

*Wolff v. McDonnell*, 418 U.S. 539, 563–66 (1974); *see Superintendent, Mass. Corr. Inst., Walpole v. Hill,* 472 U.S. 445, 454 (1985). "[T]he requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits." *Hill*, 472 U.S.

at 455. The district court need not examine the entire record, independently assess the credibility of witnesses, or weigh the evidence. *Id.* "Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455–56. A federal court may act only when arbitrary or capricious action is shown—*i.e.*, "only where there is no evidence whatsoever to support the decision of the prison officials." *Reeves v. Pettcox*, 19 F.3d 1060, 1062 (5th Cir. 1994).

V. **MERITS**

As explained below, Petitioner was afforded all the due process to which he was entitled under *Wolff*, and all of his claims should be dismissed or denied. *See Wolff*, 418 U.S. at 563–66.

**A. Ground One: Inaccurate Information on Hearing Report**

In the first ground of his petition, Petitioner contends that the TDCJ Disciplinary Report and Hearing Record contains two errors. (ECF 3 at 6). First, Petitioner argues that the report inaccurately states that the incident occurred on April 27, 2017, when it actually occurred on April 30, 2017. (*Id.*). Petitioner also contends that "C.O. Mayhew was off 4-28, 4-27, 4-26, and 4-25-2017[.]" (*Id.*).

To the extent that Petitioner is asserting a sufficiency of the evidence claim in his first ground, Petitioner's claim fails. The Fifth Circuit has declared that the findings of a prison disciplinary hearing shall not be disturbed unless they are arbitrary and capricious. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). Further, as long as there is "any evidence at all" to support the DHO's findings, the result of the hearing will be upheld. *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001) (quoting *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir. 1986)). Here, there is evidence in the record that Petitioner committed the offense of being out of place on April 27, 2017: the TDCJ Disciplinary Report and Hearing Record, Offender Case Grading Report, and

Service Investigation Work Sheet all list the offense date as April 27, 2017. (ECF 13-1 at 6, 10, 11). In light of this evidence, the decision reached by the prison disciplinary board is not "arbitrary or capricious." *Reeves*, 19 F.3d at 1062.

Further, "even in the event of a constitutional violation, a habeas petition may not be granted unless the petitioner demonstrates that he was prejudiced by the violation." *Mascitti v. Thaler*, 416 F. App'x 411, 415 (5th Cir. 2011); *see, e.g., Hallmark v. Johnson,* 118 F.3d 1073, 1080 (5th Cir. 1997) (holding a petition must explain "how the lack of that piece of information was prejudicial to the preparation of his defense"). Petitioner has failed to even address how the allegedly incorrect incident date on the TDCJ Disciplinary Report and Hearing Record prejudiced his defense or failed to put him on notice. (*See* ECF 3 at 6).

To the extent that the Court could also construe Petitioner's first ground as a due process argument that he did not receive advance notice of the charge against him, under the first prong of *Wolff*, Petitioner's claim also fails. Petitioner's argument that the TDCJ Disciplinary Report and Hearing Record lists an incorrect incident date is a conclusory allegation, unsupported by evidence in the record, and thus is without probative evidentiary value. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000); *see also Milam v. Davis*, 733 F. App'x 781, 787 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 335 (2018). However, the evidence in the record indicates that Petitioner received written notice of the charges at approximately 3:03 p.m. on May 4, 2017 but "declined to sign" the notice. (ECF 13-1 at 6). The disciplinary hearing was held on May 8, 2017. (*Id.*). Thus, Petitioner received notice of the charge in advance of the required twenty-four-hour period of preparation, and the first prong of *Wolff* was satisfied. (*See* ECF 13 at 12; ECF 13-1 at 6); *Wolff*, 418 U.S. at 564.

Petitioner also contends in the first ground of his petition that the report inaccurately states

that Petitioner gave "no statement." (ECF 3 at 6). Petitioner contends that on May 1, 2017—which would be between the incident and when Petitioner was notified of the charge—he made a statement about the incident to a TDCJ employee. (*Id.*). As a preliminary matter, the TDCJ Disciplinary Report and Hearing Record does not appear to address all statements made by Petitioner about the incident to any TDCJ employee at any time. (*See* ECF 13-1 at 6–7). Rather, it states in two different areas that Petitioner gave "no statement" at his disciplinary hearing. (*Id.*). Because it is undisputed that Petitioner did not attend the hearing, it is unclear how this could constitute a false statement. (*See* ECF 3 at 6; ECF 13-1 at 6–7).

Nevertheless, to the extent the Court can construe Petitioner's argument as a claim that he did not receive a written statement by the fact finder of the evidence relied upon and the reasons for the disciplinary action under the third prong of *Wolff*, Petitioner's claim fails. The record includes a copy of the TDCJ Disciplinary Report and Hearing Record on which the DHO noted the guilty finding and listed the reasons for the determination of guilty, including the charging officer's written report and that Petitioner did not refute the accusations. (ECF 13-1 at 6). The record also includes a copy of the Disciplinary Hearing Results Notification, which shows that Petitioner was provided access to the fact finder's written statement. (*Id.* at 13). As such, the third prong of *Wolff* was satisfied. *See Wolff*, 418 U.S. at 564–65. Petitioner's first claim should be denied.

 **B. Ground Two: Exclusion from Hearing**

In the second ground, Petitioner contends that he was denied due process because he was not allowed to attend the hearing. (ECF 3 at 6). Petitioner alleges that he was "was not allowed to attend the court hearing," because he was unable to get served on May 4, 2017 due to an issue which prevented him from notifying TDCJ officials that he had a lay in permitting him to get

served. (*Id.*). Respondent, however, contends that "the record indicates that [Petitioner] declined to attend" the disciplinary hearing. (ECF 13 at 14).

Nothing in the record suggests that Petitioner was excluded from the disciplinary hearing by the DHO or any other person. (*See* ECF 13-1). Instead, the record reflects that Petitioner's Counsel Substitute informed Petitioner of his rights, including his rights to call and question witnesses and present documentary evidence at the hearing. (*Id.* at 11–12). The record also indicates that Petitioner "did not want to wait to be served" and stated that he did not wish to attend his hearing. (*Id.* at 11; Disciplinary Hearing Audio).

Again, Petitioner has presented conclusory allegations that are unsupported by evidence in the record and have no probative evidentiary value in support of his claim. *Miller,* 200 F.3d at 282. The second prong of *Wolff* was satisfied. *See Wolff*, 418 U.S. at 563–66. Petitioner's second claim should be denied.

### C. Ground Three: Notice of TDCJ Policies and Procedures

In the third ground, Petitioner appears to explain that he was out of place, in violation of Code 27.0 of the TDCJ's *Disciplinary Rules and Procedures for Offenders*, because "[t]he shower's [sic] have been out of [order in] D wing for almost 2 years." (ECF 3 at 7). He explained in his Step 1 grievance that "C.O. Mayhew . . . directed me to E wing for my shower." (ECF 13-1 at 19). However, all of the showers were being used by other inmates, and "there were no seats to sit and wait for [a] shower" to become available. (*Id.*). Therefore, Petitioner went into the E-wing dayroom near cell E-103 to wait. (*Id.*). He contends in his petition that "there should be posted signs for what [inmates must] do when there are no showers" available. (ECF 3 at 7).

"[I]t is a violation of due process to punish inmates for acts which they could not have known were prohibited." *Reeves*, 19 F.3d at 1061. "An inmate is entitled to prior notice, or 'fair

warning,' of proscribed conduct before a severe sanction may be imposed." *Id.* (quoting *Adams v. Gunnell*, 729 F.2d 362, 269–70 (5th Cir. 1984).

In this case, Petitioner appears to contend that he should not have been punished because he did not receive clear instructions on where to wait when all showers are being used. (*See* ECF 3 at 7; ECF 13-1 at 19). However, Petitioner is not claiming that he did not know that the TDCJ's *Disciplinary Rules and Procedures for Offenders* prohibits inmates from going out of place—*i.e.*, into an area that they have not been authorized to be in, including a cell or wing to which they are not assigned.[3] (*See* ECF 3 at 7). Even if there was no sign posted in the shower area directing inmates to wait in a particular area until a shower becomes available for their use, the facts show that Petitioner received "fair warning, or fair opportunity to know, that his conduct was prohibited before being punished for that conduct." *Reeves*, 19 F.3d at 1062. Petitioner's third claim should be denied.

### D. Ground Four: Abuse of Authority

Finally, Petitioner alleges in his fourth ground that TDCJ officials abused their authority by: (1) making "several mistakes" on the TDCJ Disciplinary Report and Hearing Report; (2) excluding him from his hearing; (3) losing his Step 1 grievance in the prison mail system; and (4) not allowing him to complete a Step 2 grievance. (ECF 3 at 7). Petitioner contends that "[a]ll of this was brought to Warden Gentry['s] attention [but] nothing was done." (*Id.*).

Petitioner's assertions that TDCJ officials abused their authority are not supported by evidence in the record and are merely speculative and conclusory allegations. *See Miller*, 200 F.3d

---

[3] *See* Texas Department of Criminal Justice–Correctional Institutions Division, *Disciplinary Rules and Procedures for Offenders*, https://www.tdcj.texas.gov/documents/cid/Disciplinary_Rules_and_Procedures_for_Offenders_English.pdf (August 2019) (defining the violation of being out of place as being "[i]n any unauthorized area, such as a cell or wing to which one is not assigned").

at 282. As such, these allegations have no probative evidentiary value in support of Petitioner's claim. *See id.* Petitioner has failed to raise a constitutional issue in his fourth ground, and as such, habeas relief is unwarranted. *See id.* Petitioner's fourth claim should be dismissed.

## VI.    RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by Petitioner be DENIED.

## VII.    INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED January 8, 2021.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc),

*superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).